OPINION
{¶ 1} Defendant-appellant, Tim Ivers, appeals his conviction in the Butler County Court of Common Pleas for patient abuse. We affirm appellant's conviction.
 {¶ 2} In March 2001, appellant was indicted for patient abuse in violation of R.C. 2903.34(A)(1) and assault in violation of R.C.2903.13(A). The indictment stemmed from an investigation conducted by the Hamilton Police Department into patient treatment at the Hamilton Center. The Hamilton Center is run by the Butler County Board of Mental Retardation and Developmental Disabilities and provides day activity programs for mentally retarded and developmentally disabled individuals. The investigation was triggered by the Hamilton Center's receipt of an anonymous letter from one of its employees claiming that patient abuse was occurring at the center.
 {¶ 3} Appellant worked as an adult supervisor, or "trainer," at the Hamilton Center. Hidden video cameras set up at the center captured physical contact between appellant and the victim, Glen Kidd, a patient at the center. Video showed appellant dragging Kidd by the belt loops to the restroom.
 {¶ 4} A trial took place in April 2002. During the second day of trial and after the state had presented several witnesses, the trial court granted appellant's motion for a mistrial. The reason for the mistrial was that the state failed to disclose to the defense during discovery the anonymous letter that triggered the investigation. The letter identified appellant, among others, as a possible suspect. Detective Rogers had testified for the state at trial that his initial interview with appellant was a noncustodial interview, though Rogers was in possession of the letter naming appellant as a suspect. Detective Rogers testified that he did not give appellant Miranda warnings because the interview was noncustodial. The trial court granted a mistrial so that appellant could have the opportunity to file a motion to suppress his statements to Detective Rogers.
 {¶ 5} The trial court stated in an entry that a mistrial was required by "manifest necessity" and to "ensure that both sides are treated fairly." The trial court referred to the state's nondisclosure as "inadvertent," finding no "intentional misconduct on the part of the prosecution." The trial court concluded that the circumstances did not "disclose any intent or design of the prosecution to provoke a mistrial or to goad the Defendant into requesting that a mistrial be declared." Therefore, the trial court discharged the jury "without prejudice to further prosecution."
 {¶ 6} Appellant subsequently filed a motion to suppress his statements to Detective Rogers, which the trial court denied. A second trial was then held in July 2002. Because the jury could not reach a unanimous decision, that trial also ended in a mistrial.
 {¶ 7} A third trial was held in August 2002. At the conclusion of that trial, the jury found appellant guilty of one count of patient abuse. The jury was unable to reach a unanimous decision on the assault charge. The trial court sentenced appellant to five years of community control, six months in the Butler County Jail, 200 hours of community service, and a $500 fine.
 {¶ 8} Appellant now appeals his patient abuse conviction, raising one assignment of error as follows:
 {¶ 9} "The trial court erred to the prejudice of defendant-appellant when it ruled that the first mistrial was not provoked by the state of Ohio."
 {¶ 10} In this assignment of error, appellant argues that the trial court erred in ruling that the first mistrial was not provoked by the state. Therefore, appellant argues, the trial court should have dismissed the indictment on double jeopardy grounds. Appellant asks this court to reverse the trial court's decision and discharge him.
 {¶ 11} When a trial court grants a criminal defendant's motion for a mistrial, the Double Jeopardy Clause does not bar a retrial. Oregon v.Kennedy (1982), 456 U.S. 667, 672-673, 102 S.Ct. 2083. A narrow exception to this rule exists where the request for a mistrial is precipitated by prosecutorial misconduct that was intentionally calculated to cause or invite a mistrial. Id., at 678-679; State v. Loza, 71 Ohio St.3d 61, 70,1994-Ohio-409. "Only where the prosecutorial conduct in question is intended to `goad' the defendant into moving for a mistrial may defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." Id., citing Kennedy at 676. Mere negligence will not suffice to show intent to provoke a mistrial.State v. Girts (1997), 121 Ohio App.3d 539, 553.
 {¶ 12} A reviewing court may consider the following factors in determining whether the required intent to provoke a mistrial existed: (1) whether there was a sequence of overreaching prior to the single prejudicial incident; (2) whether the prosecutor resisted or was surprised by the defendant's motion for a mistrial; and (3) the findings of the trial and appellate courts concerning the intent of the prosecutor.Girts, 121 Ohio App.3d at 551, citing Kennedy, 456 U.S. at 680 (Powell, J., concurring).
 {¶ 13} After reviewing the record, we do not find error in the trial court's decision that the state did not provoke the first mistrial. We do not find evidence in the record of intentional misconduct by the state calculated to invite a mistrial or to "goad" appellant into making a motion for a mistrial. The state was obviously prepared for trial as it had called seven witnesses at the time the mistrial was declared. The record also indicates that the state vigorously defended against appellant's motion for a mistrial. The state made several plausible arguments to the trial court in opposition to appellant's motion for a mistrial, including the argument that it was not required to disclose the anonymous letter because the letter was not Brady material. As the state noted, the letter did not tend to exculpate appellant, but tended to inculpate him.
 {¶ 14} Further, we find no evidence of a "sequence of overreaching" by the state. As appellant notes, the state did fail to point out that a juror worked with the wife of one of its witnesses. That juror was eventually dismissed. However, we do not find this failure to be evidence of a "sequence of overreaching" or evidence indicating intent to provoke a mistrial. We also give significant weight to the fact that the trial court, which observed the actions of the state firsthand, found no misconduct or intent to provoke a mistrial.
 {¶ 15} Based on the foregoing, we find no error in the trial court's decision that the state did not provoke a mistrial during appellant's first trial. Therefore, double jeopardy did not bar the subsequent prosecution of appellant. Accordingly, we overrule appellant's sole assignment of error.
 {¶ 16} Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.